303 A.2d 368.
STATE *vs.* WALTER WILLIAM ZAJAC.

APRIL 17, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. The defendant was tried and convicted before a justice of the Superior Court sitting without a jury on an indictment charging a violation of G. L. 1956 (1969 Reenactment) §11-19-18. He is now here on a bill of ex-

ceptions, and the only exception pressed is to the sufficiency of the evidence to convict him of the offense charged.

The evidence is not in dispute. At about 1:30 p.m. on June 28, 1968, three state police officers entered a cafe owned by the defendant and observed him near the cash register "fumbling through papers." The defendant, after noticing the police, walked to the other end of the cafe, but not before one of the officers had identified several number and horse bets on some of the slips of paper held by defendant. The defendant was then arrested and the slips were seized as were an Armstrong Daily News; two Record Americans of June 28, each opened to the horse racing section; "a sheet containing tally with names and amounts of money"; and three small pads including a carbon which revealed that horse bets had been made on that day. After the arrest, one of the officers answered a pay telephone and heard the callers ask for "Walter" and attempt to place bets on horse races.

The question is whether defendant's acts constitute an offense under §11-19-18. In *State* v. *Hindle,* 108 R. I. 389, 275 A.2d 915 (1971), we construed that statute as making it a crime to keep or maintain a building, room or place designed to be used and occupied by persons assembled therein for the purpose of gambling. The only significant difference between *Hindle* and this case is that in *Hindle* the locus of the alleged offense was the defendant's own home, whereas here it is a cafe which he owns and operates.

The state argues that proof of defendant's cafe being a place which is open to the public warranted the trial justice in finding beyond a reasonable doubt that defendant had knowingly kept or suffered that place to be kept as a place designed to be used by persons assembled therein for the purpose of gambling. We cannot agree. While it may be that use for that purpose would be more likely in a place open to the public than it would be in a private

home, there is not even a scintilla of evidence in this case that defendant's cafe was ever so used.

The defendant's exception is sustained and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Edward E. Dillon,* Special Asst. Attorney General, for plaintiff.

*Blais, Cunningham, Thayer, Gagnon & Ross, Matthew C. Cunningham,* for defendant.